**James Arthur Ross, Pro Se'**
S.I.D.#2599830
Two Rivers Corr. Inst.
83911 Beach Access Rd.
Umatilla, OR 97882

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| **JAMES ARTHUR ROSS,** | ) Case No. 2:23-cv-00515-SB |
| **Plaintiff,** | ) |
| **v.** | ) **PLAINTIFF'S PRO SE** |
| | ) **COMPLAINT** |
| **STATE OF OREGON; KATE BROWN;** | ) |
| **TINA KOTEK; COLETTE PETERS; HEIDI** | ) |
| **STEWART; MIKE GOWER; ROB PERSSON;** | ) **Civil Rights Action (42 U.S.C. § 1983);** |
| **WARREN ROBERTS; JOE BUGHER;** | ) |
| **MARCIA VENTURA; KACIE THOMPSON;** | ) |
| **TYLER BLEWETT; ERIN REYES; PATRICK** | ) **JURY TRIAL DEMANDED** |
| **MANEY; ROGER BLAIR; GAROFALO; D.** | ) |
| **WETTLAUFER; S. JOHNSTON; C. SCOTT;** | ) |
| **LORI HENSEL; ARNELL EYNON; HARRY** | ) |
| **ROSSI.** | ) |
| | ) |
| **Defendant(s).** | ) |

## PRO SE COMPLAINT FOR CIVIL RIGHTS VIOLATIONS

**COMES NOW**, James Arthur Ross, the above-named Plaintiff, pro se, and respectfully brings

forth this Complaint and alleges as follows:

### 1.

Plaintiff is imprisoned in the Two Rivers Correctional Institution located at 82911 Beach Access

Rd. Umatilla, OR 97882, and has been subjected to haphazard and negligent policies and practices by

the above-named Defendant(s), and, that their actions, failures, negligence and outright deliberate

indifference have violated the Plaintiff's Constitutional rights.

2.

## I.  The Parties To This Complaint:

### A.  The Plaintiff(s):

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed:

| | |
|---|---|
| Name: | James Arthur Ross |
| Aliases: | N/A |
| ID Number: | #12599830 |
| Current Institution: | Two Rivers Correctional Institution |
| Address: | 82911 Beach Access Rd. |
| | Umatilla, Oregon 97882 |

### B.  The Defendant(s):

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, included the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed:

### Defendant No. 1:

| | |
|---|---|
| Name: | State of Oregon |
| Job or Title *(if known)*: | "State" (?) |
| Shield Number: | Unknown |
| Employer: | Oregon State Taxpayers (?) |
| Address: | 1162 Court Street NE |
| | Salem, OR 97301 |
| Bringing Suit In: | **Individual and Official Capacity** |

### Defendant No. 2:

| | |
|---|---|
| Name: | Kate Brown |
| Job or Title *(if known)*: | Former Governor of Oregon |
| Shield Number: | Unknown |
| Employer: | Oregon State/Taxpayers (?) |
| Address: | 1162 Court Street NE |
| | Salem, OR 97301 |
| Bringing Suit In: | **Individual and Official Capacity** |

**Defendant No. 3:**

Name:                    Tina Kotek
Job or Title *(if known)*:    Governor of Oregon
Shield Number:         Unknown
Employer:              Oregon State/Taxpayers (?)
Address:               1162 Court Street NE
                          Salem, OR 97301

Bringing Suit In:       **Individual and Official Capacity**

**Defendant No. 4:**

Name:                    Collette Peters
Job or Title *(if known)*:    Former Director of ODOC
Shield Number:         Unknown
Employer:              Oregon State/ODOC (?)
Address:               2575 Center Street NE
                          Salem, OR 97301-4667

Bringing Suit In:       **Individual and Official Capacity**

**Defendant No. 5:**

Name:                    Heidi Stewart
Job or Title *(if known)*:    Interim Director of ODOC
Shield Number:         Unknown
Employer:              Oregon State/ODOC (?)
Address:               2575 Center Street NE
                          Salem, OR 97301-4667

Bringing Suit In:       **Individual and Official Capacity**

**Defendant No. 6:**

Name:                    Mike Gower
Job or Title *(if known)*:    Former Asst. Director of Ops. for ODOC
Shield Number:         Unknown
Employer:              Oregon State/ODOC (?)
Address:               2575 Center Street NE
                          Salem, OR 97301-4667

Bringing Suit In:       **Individual and Official Capacity**

**Defendant No. 7:**

Name:                    Rob Persson
Job or Title *(if known)*:    Assistant Director of Operations for ODOC
Shield Number:         Unknown

Employer:                          Oregon State/ODOC (?)
Address:                           2575 Center Street NE
                                   Salem, OR 97301-4667
Bringing Suit In:                  **Individual and Official Capacity**

**Defendant No. 8:**

Name:                              Warren Roberts, M.D., F.A.A.D.S.
Job or Title *(if known)*:         Director of Health Services for ODOC
Shield Number:                     Unknown
Employer:                          Oregon State/ODOC (?)
Address:                           2575 Center Street NE
                                   Salem, OR 97301-4667
Bringing Suit In:                  **Individual and Official Capacity**

**Defendant No. 9:**

Name:                              Joe Bugher
Job or Title *(if known)*:         Asst. Director of Health Services for ODOC
Shield Number:                     Unknown
Employer:                          Oregon State/ODOC (?)
Address:                           2575 Center Street NE
                                   Salem, OR 97301-4667
Bringing Suit In:                  **Individual and Official Capacity**

**Defendant No. 10:**

Name:                              Marcia G. Ventura
Job or Title *(if known)*:         Statewide ADA Manager for ODOC
Shield Number:                     Unknown
Employer:                          Oregon State/ODOC (?)
Address:                           Office of the Inspector General
                                   3601 State St.
                                   Salem, OR 97301-5798
Bringing Suit In:                  **Individual and Official Capacity**

**Defendant No. 11:**

Name:                              Kaycie Thompson
Job or Title *(if known)*:         ADA Coordinator for TRCI
Shield Number:                     Unknown
Employer:                          Oregon State/TRCI/ODOC (?)
Address:                           82911 Beach Access Rd.
                                   Umatilla, OR 97882
Bringing Suit In:                  **Individual and Official Capacity**

**Defendant No. 12:**

| | |
|---|---|
| Name: | Tyler Blewett |
| Job or Title *(if known)*: | Former Superintendent of TRCI |
| Shield Number: | Unknown |
| Employer: | Oregon State/TRCI/ODOC (?) |
| Address: | 82911 Beach Access Rd. |
| | Umatilla, Oregon 97882 |
| Bringing Suit In: | **Individual and Official Capacity** |

**Defendant No. 13:**

| | |
|---|---|
| Name: | Erin Reyes |
| Job or Title *(if known)*: | Superintendent of TRCI |
| Shield Number: | Unknown |
| Employer: | Oregon State/TRCI/ODOC (?) |
| Address: | 82911 Beach Access Rd. |
| | Umatilla, Oregon 97882 |
| Bringing Suit In: | **Individual and Official Capacity** |

**Defendant No. 14:**

| | |
|---|---|
| Name: | Patrick Harold Maney |
| Job or Title *(if known)*: | AGNP |
| Shield Number: | Unknown |
| Employer: | Oregon State/TRCI/ODOC (?) |
| Address: | 82911 Beach Access Rd. |
| | Umatilla, OR 97882 |
| Bringing Suit In: | **Individual and Official Capacity** |

**Defendant No. 15:**

| | |
|---|---|
| Name: | Roger Blair, M.D. |
| Job or Title *(if known)*: | M.D. |
| Shield Number: | Unknown |
| Employer: | Diagnostic Radiology (OR/TRCI/ODOC?) |
| Address: | 100 Southgate, Suite 7 |
| | Pendleton, OR 97801 |
| Bringing Suit In: | **Individual and Official Capacity** |

**Defendant No. 16:**

| | |
|---|---|
| Name: | D. Wettlaufer |
| Job or Title *(if known)*: | RN Medical Services Manager for TRCI |
| Shield Number: | Unknown |

|  |  |
|---|---|
| Employer: | Oregon State/TRCI/ODOC (?) |
| Address: | 82911 Beach Access Rd. |
|  | Umatilla, OR 97882 |
| Bringing Suit In: | **Individual and Official Capacity** |

**Defendant No. 17:**

|  |  |
|---|---|
| Name: | John/Jane Doe ("Garofalo") |
| Job or Title *(if known)*: | Medical Services (?) |
| Shield Number: | Unknown |
| Employer: | Oregon State/TRCI/ODOC (?) |
| Address: | 82911 Beach Access Rd. |
|  | Umatilla, OR 97882 |
| Bringing Suit In: | **Individual and Official Capacity** |

**Defendant No. 18:**

|  |  |
|---|---|
| Name: | C. Scott |
| Job or Title *(if known)*: | RN Supervisor for TRCI Medical |
| Shield Number: | Unknown |
| Employer: | TRCI/ODOC (?) |
| Address: | 82911 Beach Access Rd. |
|  | Umatilla, OR 97882 |
| Bringing Suit In: | **Individual and Official Capacity** |

**Defendant No. 19:**

|  |  |
|---|---|
| Name: | S. Johnston |
| Job or Title *(if known)*: | Registered Nurse for TRCI Medical |
| Shield Number: | Unknown |
| Employer: | Oregon State/TRCI/ODOC (?) |
| Address: | 82911 Beach Access Rd. |
|  | Umatilla, OR 97882 |
| Bringing Suit In: | **Individual and Official Capacity** |

**Defendant No. 20:**

|  |  |
|---|---|
| Name: | Arnell Eynon |
| Job or Title *(if known)*: | Grievance Coordinator for TRCI |
| Shield Number: | Unknown |
| Employer: | Oregon State/TRCI/ODOC (?) |
| Address: | 82911 Beach Access Rd. |
|  | Umatilla, OR 97882 |
| Bringing Suit In: | **Individual and Official Capacity** |

**Defendant No. 21:**

|  |  |
|---|---|
| Name: | Harry Rossi |
| Job or Title *(if known)*: | Office Specialist 2 |
| Shield Number: | Unknown |
| Employer: | Oregon State/TRCI/ODOC (?) |
| Address: | 82911 Beach Access Rd. |
|  | Umatilla, OR 97882 |
| Bringing Suit In: | **Individual and Official Capacity** |

## II.    Basis for Jurisdiction:

Under 42 U.S.C. § 1983, you may sue State or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." *Under Bivens v. Six Unknown named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Whom are you bringing suit against?

I am not a trained person in the law, therefore, I can only say that I am bringing this suit against State or Local Officials and other parties whom they employ, contract with and/or are otherwise affiliated with (aka Defendants).

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by State or local officials?

1St Amendment of the U.S. Constitution, including retaliation and access-to-courts; 8th Amendment of the U.S. Constitution; 14th Amendment of the U.S. Constitution due process, equal protections and reformation; Failures to protect, Slavery, Rehabilitation and Negligence as well as the Americans with Disabilities Act (ADA) of 1990 §§ 3, 202, 42 U.S.C.A. §§ 12102(1)(A), 12132, Rehabilitation Act, 28 C.F.R. § 35.108, § 35.108 (d)(1)(vi) and Oregon's Laws, Human Rights Laws and its Constitutional equivalents to all of the above cited/stated.

C.    Plaintiff's suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials:

N/A.

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State territory or

District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain
how each defendant acted under color of State or Local Law. If you are suing under
Bivens, explain how each defendant acted under color of federal law. Attach additional
pages if needed:

I am not sure how to answer this as I am not a lawyer nor a person whom is trained in
the law, however, the Defendant(s) were at all times representing ODOC and working
for them and the acts/violations all took place in the prison environment. Therefore, I do
believe that Venue is proper within the district of Oregon, because the events giving rise
to this claim occurred in this judicial district and all Defendants reside in this judicial
district. 28 U.S.C. § 1391(b). The acts and practices alleged herein have occurred and
continue to occur in prisons operated by ODOC in many counties across the State of
Oregon. The acts pertaining to the named-plaintiff occurred in Umatilla County, Oregon.
The main policy and operational decisions made by ODOC occur in Marion County,
Oregon and this court has jurisdiction over the subject matter of this Complaint under 42
U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343(a)(3), (4), and supplemental jurisdiction of
the State tort claim under 28 U.S.C. § 1367.

**III.   Prisoner Status:**

I am a convicted, sentenced and currently incarcerated Oregon State prisoner at TRCI.

**IV.   Statement of Claim:**

State as briefly as possible the facts of your case. Describe how each defendant was personally
involved in the alleged wrongful action, along with the dates and locations of all relevant
events. You may wish to include further details such as the names of other persons involved in
the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is
asserted, number each claim and write a short and plain statement of each claim in a separate
paragraph. Attach additional pages if needed.

A.   If the events giving rise to your claim arose outside an institution, describe where and
when they arose:

N/A

B.   If the events giving rise to your claim arose in an institution, describe where and when
they arose:

At the Two Rivers Correctional Institution located at 82911 Beach Access Rd. Umatilla,
OR 97882 on or about the 10th day of April, 2021, and, ongoing.

C.      What date and appropriate time did the events giving rise to your claim(s) occur?

        On April 10th, 2021 at approx. 2:30 pm. This is an ongoing and developing issue.

D.      What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*:

        First, I reallege and incorporate all of the above as if fully set forth herein. On April 10th, 2021, at approx. 2:30 pm, during the permitted afternoon recreation yard time allotted to me at TRCI on housing unit 12, I was playing basketball with some fellow AICs. At some point, I was forcefully knocked down to the ground by another AIC whom was charging[1] towards the basket. In an attempt to catch myself as I fell backwards, my right hand was caught between the impact of my body and my body hitting the ground. On the morning of April 12th, 2021, at approx. 7:30 am, my OCE Laundry Coordinator, Ms. Ramero, noticed that my right hand was bruised and extremely swollen. She sent me to medical to be examined when an x-ray was performed. I was not seen or evaluated by a nurse at this time. I was simply given an x-ray, which was reviewed by Defendants Roger P. Blair, M.D., Diagnostic Radiology, and, Patrick Harold Maney, AGNP, TRCI Care Provider. They informed me that nothing was wrong and to use ice to bring the swelling down in my right hand, noting that neither of them had actually seen me in person. They were simply relaying the information through a third-party while I was waiting in medical to be informed of the results of my x-ray. On April 14th, 2021, I was called back down to TRCI medical where Nurse Tiffany informed me that she had been in contact with an Orthopedic Surgeon Richard Carpenter, M.D., Motion Orthopedics PC, Hermiston, Oregon, and that Dr. Carpenter instructed her to inform me that "you have broken the one bone in my hand that you do not want to break as it is prone to dying". However, "Dr. Carpenter feels over 95% confident that if you have surgery, he can fix it and you will have a full recovery". Therefore, Dr. Carpenter stated, through Nurse Tiffany, that "you have two choices 1) Do nothing and the bone will most likely die and then you will have all of the complications, pain and suffering that goes with that; or 2) Have the surgery and allow Dr. Carpenter to do his best to fix it". Therefore, I told Nurse (Tiffany?) that "to me, that really is not an option as I do not want my bones to die. That I have to have the surgery". And, Nurse Tiffany responded "Great, I will get the paperwork sorted and get you ready, because Dr. Carpenter wants you out there within the week". I asked Nurse Tiffany what day that I could expect to be going out for surgery and she said "I cannot tell you the exact day for security reasons, however, it will be a day-trip and it will be within the week, because this has to be fixed right away and Dr. Carpenter wants you out there as soon as possible".
        This was the last real contact I had with anyone for months leading up to my extremely

---

[1] TRCI recreational yards are not "physically" supervised by any correctional officer. Instead, there is 1-2 cameras positioned on the yard individual yards that do not cover the entire yard. They also do not provide sound. This allows for AICs to build up anger throughout, per se, a basketball game. AICs, just like any human being, have emotions and those emotions are capable of getting out of hand, especially if the person is losing. That is when unsportsman like conduct and unnecessary roughness comes into play, even in professional sports. That is what happened here, when the other AIC decided to force his way through my body knocking me to the ground in an extreme and violent manner. Whereas, if a correctional officer had been present, that correctional officer could have seen the progression of anger and may have prevented it from happening.

delayed surgery over 70 days later, which I believe only happened because I filed a grievance on the matter (#TRCI-2021-05-021) as I was originally told of the severity of my injury and the imminent need for surgery "within the week" and I was frustrated at being delayed well beyond that point. Especially, since I witnessed several other AICs going out for doctor and hospital visits, evaluations and surgeries. Additionally, throughout this period of time waiting for my surgery, I repeatedly sought pain medication for the extreme pain I was suffering from due to my broken right hand and the fact that the cast that TRCI Medical put on my right hand, was extremely tight and it covered my whole hand from the middle of my forearm to the tips of my fingers. I begged them to change the cast to loosen it up and to just cover the affected area or, alternatively, to just put a splint and ace wrap on it until I had surgery, which they originally had done. As far as "support" for the affected area goes, the splint offered the same exact support as it was specifically formed to my arm and hand for that very reason. The only difference was that it did not cover my whole hand and fingers like the cast did. It allowed my fingers to move and breathe while keeping my thumb and wrist locked into position. However, I was constantly told "no, that my hand needs to heal and the cast is the best way to do that". I responded, that "I thought I did not want it to heal before having surgery as any healing would have to be damaged again during surgery, causing me even more long-term problems". However, I was threatened that if I took the cast off, I would be refused my surgery. Thus, at an extreme emotional, mental, physical discomfort with substantial pain and suffering, I complied out of fear of being refused my surgery. As a result of all of this, I also had suffered many nights of unrest and pacing back and forth in my cell, because it hurt so bad and my issues with claustrophobia were driving me insane to the point that I just wanted to chop my arm off. I was also constantly refused pain medications and was told to take Ibuprofen and Tylenol on intervals to deal with the pain (noting that Ibuprofen and Tylenol are readily available to all AICs on their individual housing units. It is not a "prescribed" medication), which did not help and probably has caused severe damage to my stomach, which I intend to prove at trial as well. However, after I had an initial visit with Dr. Carpenter on 05-18-21 when I had asked him about alternative pain medications rather than taking substantial amounts of Ibuprofen and Tylenol indefinitely, there was a belief that my surgery was imminent and I was able to get medical to afford me a 5-6 day prescription of Tramadol (I also believe this had to do with the filing of my grievance as well). However, it became clear that my surgery was not imminent, which I believe is why they took me off of the Tramadol as it costed them money and the Defendants, and each of them, have a policy of not providing prescribed medications unless they are forced to do so or they are sued into doing so. Thus, out of over 70+ days of waiting for surgery, I only received a brief 5-6 day prescription of actual pain relief in the middle of it. It took me almost 2 months after breaking my right hand to even get it, only for them to turn around and take it away a few days later and a month before I even had my surgery. Yet, my situation had not changed, ie, hand still broken, still waiting for surgery and still suffering from the substantial pain of my broken right hand. I tried speaking to and kyting several Nurses about all of this and I repeatedly attempted to communicate with my care provider Defendant Maney all to no avail. I was constantly told by the Defendants, and each of them, that I was "scheduled for surgery and that I would be going out soon and that the cast was sufficient for my pain management", paraphrasing. However, the term "soon" turned into months of waiting, pain and suffering and begging other AICs to help me with my food trays, beverages, clothes, dressing myself, writing, especially my confidential and legal matters concerning my legal (civil and criminal)

cases and my medical communications and forms (HIPPA) as the Defendants, and each of them, would not aide me in any way shape or form. I have proof of all of this. I wrote (with the assistance of other AICs) to them all, including to TRCI's ADA Coordinator Kaycie Thompson and ODOC's Statewide ADA Coordinator Marcia G. Ventura, aka, Defendants. They all told me "to do self-care and that my injury or situation did not warrant any assistance and did not qualify for any ADA accommodations either". My temporary and permanent disabilities associated with having my dominant right-hand broken and the pain and suffering from it, has caused me to miss deadlines in the filings of many of my grievances, legal cases as well as substantially affecting, hindering and preventing many of my other normal daily activities, which I believe is the literal definition of a disability under the ADA. Especially since, I had to rely on other AICs whom were not always available to help me, leaving me stranded without aide. Ultimately, on 06-22-21, approx. 73 days after the breaking of my right hand, I finally had a surgery performed by Dr. Carpenter at the Good Shepard Hospital in Hermiston, Oregon. Within a week after the surgery, Dr. Carpenter seen me again and told me that he believed the surgery was a success and that I should have a full recovery. After some, pushing and complaining about pain management that the Defendants, and each of them, were still not providing to me, nor any physical therapy or rehabilitative treatment, I was sent back out to see Dr. Carpenter again on 08-03-21. Dr. Carpenter informed me that "I needed to see a physical therapist so that my hand does not get "froze" in place, however, that he only does the surgery". He reiterated that "he does not have any control over pain medications/management or providing a physical therapist. That TRCI's Medical has full control over that and it is their decisions and responsibilities to either provide it or not. That he does not get involved with that", paraphrasing. At this point, he determined that the cast could be removed and afforded me a splint/brace for my right hand and told me that I needed to wear it for the next 30-60 days, which I complied. Dr. Carpenter also told me that "without any further complications, he would not see me again for at least another 18 months. At which point, he would evaluate whether or not the screw should be removed", paraphrasing. However, this has not happened either and Defendant Maney told me that "they usually leave these things in permanently". Albeit, Defendant Maney does not "specialize, nor is he professionally trained" in the field of Orthopedics. Additionally, I believe that I have had one visit with Defendant Maney concerning the recovery of my hand throughout this entire timeframe to this very day. Defendant Maney took another x-ray of my hand and told me that "everything looked great and to do self-care". While he could not explain why my hand was still hurting or why I was experiencing sharp pains, he told me that "you shouldn't have pain and if you do, you can take Ibuprofen and Tylenol for it". After this, I have written multiple times concerning these issues with my hand not healing right. That I believe that something is not right and I believe that I have developed arthritis and/or carputunnel in my right hand and that I am still suffering from pain. That I have lost over 40% of the usage of my right hand, approx. 70% of strength in my right hand and 100% confidence in the usage of my right hand. It hurts to even carry my food tray or beverages, so I use my left hand a lot. I do not even shake anyone's hand with my right hand anymore. I always shake with my left hand, because I have no strength in my right hand and it hurts when it is squeezed. Yet, despite all of this, I either hear nothing back or the couple of nurses that have responded, simply give me some "generalized" response that have no meaning and goes nowhere. I just run in circles on the matter with no real help or treatment.
After I was able to obtain my medical records, because as noted above, I had to file a grievance to even get my surgery, I came across multiple documents that show that

Defendants Blair and Maney had originally diagnosed me on 04-12-21, stating that everything is "uniform", "remarkable" and that I had "no fractures". That it was not until 04-13-21, that Dr. Carpenter reviewed my x-ray and found multiple fractures. He then informed "Tiffany that it is my belief that the patient should be told that there is a fracture and then his decision whether or not surgical procedure would be done Garofalo trying to handle it nonsurgically definitely will talk to the patient providers involved". Therefore, I am not sure who Garofalo is and I am currently trying to figure this out, however, this falls in line with the series of events that I have experienced in being called back down days later to TRCI Medical on 04-14-21 by Nurse Tiffany to be informed of such as just described above. To me, it appears that the State of Oregon's/ODOC's/TRCI's (Defendants) Medical operating through Defendants Blair and Maney, lied to me and were trying to cover it up in order to prevent me from being sent out for surgery. For example, if not for Dr. Carpenter's intervention, and, as just described/explained above by Dr. Carpenter, this would have led to "serious complications", including the "death of my bones in my right hand" altogether. And, because they were clearly not going to tell me and were going to leave me to my own, "uninformed" devices and detriment, is malicious deliberate indifference and negligence of the most extreme nature. It should also be noted here that when I finally did have my first visit with Dr. Carpenter on 05-18-21, as identified above, I had asked Dr. Carpenter "why did it take so long to get me out to your office, because you had initially told me that you wanted me out here within the week for surgery?". Dr. Carpenter told me that "I was told, that you had refused the surgery". I told him "that's ridiculous as I have been writing kytes every week and I even filed a grievance on it". Dr. Carpenter stated "I can only tell you what I have been told". Therefore, all of this is in line with the Defendants', and each of them', actions in trying to not afford me the surgery. It also explains as to why the Defendants, and each of them, have continuously refused me pain medications and any form of relief or physical therapy throughout this entire ordeal and to this date. They do not want to admit to or give me any evidence as to their unlawful and unconstitutional actions showing their heinous and malicious deliberate indifference and negligence in the matter. In turn, it may also show why Defendant Thompson refuses to be of any assistance to me as well. In fact, in September 2022, I was able to meet with Defendant Ventura, Statewide AIC ADA Coordinator for ODOC. I just happened to run into Defendant Ventura in the hallway as she was doing a "pop-in" visit here at TRCI. This is the lady identified above, whom made the ultimate decisions to deny me any aide in my requests and grievances for some form of assistance or accommodations under the ADA like that of a NEO Alpha Smart Machine to help me type my letters, legal and medical documents due to the disabilities of my dominant and broken right hand, which had a cast on it for approx. 5+ months. In Defendant Ventura's prior responses to me and my filings, she had stated that after "inquiring into your request with TRCI Health Services, your medical records determined that you do not have a hand disability warranting the need for aide". Therefore, when I realized it was the same Defendant Ventura, I asked her if I could have a moment of her time. She responded "yes, just a moment". So, after introductions of myself, my situation and her acknowledgment of it all and her responses to such, I showed her my hand, the scaring from my surgery and the loss of movement and strength in my hand and my need for a NEO or some form of ADA acknowledgment and accommodations as it affects my daily activities and abilities in everything that I do, especially if I need to write or meet a deadline in some issue, grievance or one of my legal cases. That I am in constant pain and that I take daily doses of Ibuprofen and Tylenol in an attempt to alleviate my pain as

medical will not give me anything else. That I believe that carputunnel and/or arthritis may have set in, but I cannot get any medical care or help on the matter. Defendant Ventura said "Yes, I can clearly see you have issues and that is why I do these "pop-in" visits as I cannot see for myself otherwise. So, when I am responding to a request or grievance like yours, I can only go off of what they (TRCI Defendants) are telling me as I am not here in person to see it for myself. It is unfortunate, but I will have them re-evaluate your situation and see what we can do to help you". Since then, I have written multiple kytes (communication forms) to Defendants Maney (my care provider), Thompson (TRCI ADA Coordinator) and Wettlaufer (Nurse Manager) to no avail. They simply refuse that they have heard anything from Defendant Ventura and direct me to continue taking Ibuprofen and Tylenol for pain and to do "self-care", without even seeing me in person or sending me back out to the Orthopedic specialist, Dr. Carpenter, or, to even see a physical therapy specialist to evaluate my hand and disability. I am not even scheduled to be evaluated by TRCI's (Defendant's) own physical therapist whom frequents the institution, which I have witnessed several other AICs receive such benefit, whom are all willing to testify to such. I have even written Defendant Ventura again and she responded, "thanking me for my follow up with her and reassured me that she would have TRCI's medical and ADA Coordinator Kaycie Thompson (Defendants), re-examine and re-evaluate me and my medical treatment and any possible ADA needs and accommodations", paraphrasing. To this day, I still have not received such treatment and I do not want to keep writing them as they are known to retaliate against AICs for doing such. In fact, I have been retaliated against in the past for these very similar efforts, see *Ross v. Horton* (9th Cir. 2016) and have and am being, retaliated against by some of the same Defendants in COVID-19 federal lawsuit, *Ross v. Blewett*, Case No. 2:20-cv-01338-SB, preliminary injunction pending. So, it is a fine line that I have to navigate, but it is clear that I have tried to get their help and assistance and they are deliberately indifferent to my medical needs, disabilities, ADA accommodations, my pain and suffering and overall welfare. I am also currently trying to assess the "full" extent of damage done to my bones, cartilage, tendons, fibrosis tissues, etc., as I have not been fully advised as to all of the details of the surgery (did bones have to be re-broken to be properly re-aligned, damage done to tissues, tendons, etc., that had already begun to heal before the surgery, etc.) or any follow up analysis (loss of movement, strength, arthritis, carputunnel, etc.) by any professional doctor trained in their respective fields, which I intend to obtain through expert witnesses at trial. I have not been able to have my injury evaluated by any professional doctor trained in the field of Orthopedics or Physical Therapy since my last visit with Dr. Carpenter on 08-03-21. I have not even been sent to see TRCI's own physical therapists, nor have I been sent back out to see Dr. Carpenter himself after the 30 day post-opt surgery appointment as just described. Despite my repeated request for help in rehabilitation, physical therapy, pain management, to see Dr. Carpenter again and for ADA assistance and/or accommodations, I have been refused, ignored and told to simply "work on it myself". I have never been instructed nor given any paperwork for physical therapy of how to "work-it-out" myself or what is right or wrong. I try to "self-care" and I am constantly in fear of permanently damaging something as I am sure the Defendants will surely shift the blame to me saying "it's your fault, you should not have done this or that" despite their failure to assist, aide and inform me of such. Yet, I am left to my own devices without any guidance or assistance, while several other AICs receive such rehab, physical therapy and follow-up care, which I fully intend to prove at trial. As for permanent damage, I know that I have lost at least. 40% or more of my movement, strength, function and usage of my right hand. That I

suffer daily from pain and I am sure that arthritis and/or carputunnel has set in and that I do have permanent and unrepairable damage due to the deliberate indifference and negligence that I have suffered and endured by the actions and/or failures of the Defendants, and each of them, throughout this entire incident. In doing so, the Defendants, and each of them, acted with callous disregard for the rights, serious medical needs, and physical safety and overall wellbeing of my person. For all of the reasons above, I am entitled to damages against the Defendants, and each of them, for pain and suffering and harms and losses resulting from their actions and/or failures as outlined throughout this complaint. I am further entitled to an award of punitive damages in an amount to be proven at trial. The Eighth Amendment to the U.S. Constitution, as incorporated against States through the Fourteenth Amendment, guarantees that prisoners may not be subjected to cruel and unusual punishment by State actors. Specifically, prisoners in state custody have a right to proper and timely medical treatment. Defendants, and each of them, were deliberately indifferent to the rights of my person, and for all of the reasons above, the Defendants, and each of them, therefore acted in violation of the Eighth Amendment. Additionally, I have suffered harm as a result of Defendants' negligence, including pain, suffering, disability, and permanent injury resulting in economic and non-economic damages in amounts to be proven at trial.

Additionally, I do have pre-existing medical conditions that have been complicated due to all of the above. At minimum, I have PVCs (Premature Ventricular Contractions). It is when your heart pumps without being filled with blood. If you hit a high enough number of these PVCs within a minute, you will go into cardiac arrest. This really gets bad for me when I am stressed and not in good physical shape, which all of this has caused me harm. I am extremely stressed and I have gained approx. 30+ pounds in weight due to all of this, including losing my job in OCE Laundry due to the extreme delay and recovery of my injury. As well as my inabilities to write anything without having to have some other prisoner do it for me, which violated me and my HIPPA rights, substantially limiting what I could say and what I could do, because no one would provide me with any ADA devices or accommodations to alleviate my disabilities, and, thus leaving me no "viable" alternative options and causing me undue harm and stress. To this day, I still suffer substantial amounts of severe pain and "cramping", especially when I try to write for any amount of time. I cannot even do my normal exercise routines as I have no strength in my right hand. I have no confidence in my right hand's abilities to support me. I cannot even do a push-up, because it is painful and it will not bend or support me properly. This has substantially limited and handicapped my abilities to participate in other daily and recreational activities causing me to lose enjoyment in my life (basically, any activity or recreation that involves the usage of my right hand, like basketball). Every time I try to stretch my right hand for "self-care", it becomes inflamed with pain and feels like someone is cutting my wrist with a razor blade. It is a very sharp sensation, which all of this has only led to me suffering even more mental and physical strain and pain. To top it off, my great grandfather died of a heart attack, my grandfather has had 5 heart attacks and my father just died recently from a heart attack. So, heart problems run in my family. Then, I also have something wrong in my digestive system that I am struggling with and that I am taking meds for, not to mention that I have sustained a terrible head injury and am suffering from that as well. My stomach issues may also be related to all of the Ibuprofen and Tylenol that I have had to take for pain relief to this very day. I am also suffering from Fatty Liver disease and all of the complications that have been caused upon my person due to being infected with

James Arthur Ross, S.I.D.#12599830

COVID-19, which includes loss of muscle mass in my left lung, loss of smell and taste, brain fog, migraines and loss of energy just to name a few. Any recovery from this has also been substantially affected due to my injury, disabilities and pain that I suffer from the injury done to my right hand and the Defendants', and each of them', actions, failures, deliberate indifference and negligence as described above and throughout this complaint. I also believe that all of this has triggered my depression to come back even worse, causing me further suffering and fear as a result of all of this. I am most likely going to have to go back on medications for my mental health as a result of all of this. I believe that Defendants' Medical Services have basically "red flagged" me from getting any treatment related to my hand injury due to the grievances related to this complaint, as such treatment and acknowledgement of such, would provide me with absolute proof of the Defendants' wrong doings. And, they are not going to provide me proof against themselves, as guilty people do not do that.

Finally, and at all times relevant, Defendants State of Oregon, Kate Brown, Tina Kotek, Colette Peters, Heidi Stewart, Mike Gower, Rob Persson, Warren Roberts, Joe Bugher, Tyler Blewett and Erin Reyes were and are directly responsible for the health, safety and overall welfare of all AICs whom they incarcerate throughout their 14 ODOC facilities, including my person. The Defendants, and each of them, are directly responsible for contracting, providing and ensuring that all of the AICs whom they incarcerate throughout their 14 ODOC facilities, including my person, receive adequate and proper medical care without undue and unnecessary delay. It is my intention to prove that the Defendants have a substantial and overwhelming history and pattern resulting in millions upon millions of dollars in lawsuits related to their very same actions, failures, maliciousness, deliberate indifference and outright heinous negligence as I have described and suffered from in this case.

As for Defendants Johnston and Scott, at all times relevant, they were both directly involved with the decisions, actions, failures, maliciousness, deliberate indifference and outright heinous negligence that I have described throughout this complaint.

As for Defendants Eynon and Rossi, at all times relevant, they were, and, are responsible for the processing and filing of AIC grievances, which is the process mandated for AICs to exhaust under the Prison Litigation Reform Act ("PLRA"). It is my intention to prove that the Defendants, and each of them, have a policy of assigning Office Specialists ("OS2"), whom are nothing more than correctional officers close to retirement, to oversee the grievance process whom will intervene in the filing and processing of grievances, like many of mine, that the Defendants wish to circumvent from being able to properly access-the-court under the PLRA's strict requirements as they are "retiring" so they have nothing to lose on the matters. That after I "called-them-out" on their actions, they began dismissing every grievance I filed for "unofficial" procedural defaults that did not even comply or make sense with their own rules. That they are bound under State created statutory law to provide and follow the grievance rules, regardless of any lack of any other law or rule. That is due process at its core.

All of the above, are ongoing issues.

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required or did not receive:

First, I reallege and incorporate all of the above as if fully set forth herein. Well, my hand was broken in two different places, which after a substantially and unjustified delay of approx. 10+ weeks (over 70+ days), I finally received a surgery to re-align my bones. I had a metal screw installed which may or may not ever be removed, I do not know, because I was told by Dr. Carpenter that he would "re-evaluate me in approx. 18 months to determine whether or not to leave the screw in or have it removed", which has not happened. Any time I have tried to communicate with the Defendant's Medical or the Defendant's TRCI AIC ADA Coordinator Defendant Thompson, for help or accommodations on the matter, I am either told to recover myself or simply, I am ignored and my responses are not responded to at all. As described above, in September 2022, I was able to meet with Defendant Ventura, Statewide AIC ADA Coordinator for ODOC. Unfortunately, as described above, nothing has come of this to date. I still have loss of over 40% overall usage of my right hand. I continue to suffer from pain related to the injury and deliberate indifference, medical neglect and outright negligence by the Defendants, and each of them, in regards to the injury, recovery, and physical rehabilitation of my right hand. I have not been sent out to see or be re-evaluated by Dr. Carpenter again and I have been told that I would not be by Defendant Maney, my care provider here at TRCI. I have not been given any ADA accommodations or leniencies as everyone just declares me to not have anything wrong based on their own "unofficial" and "unprofessioned" opinions on matters as that they are not specifically, nor professionally trained nor licensed in the fields of Orthopedics or Physical Therapy. I have not been provided any evaluation by any professionally qualified physical therapist either. I do believe that arthritis and/or carputunnel has set in as a result of all of this and I believe that the loss of movement and usage in my right hand is permanent. I also lost my job working in OCE Laundry here at TRCI, a position that I held for over 5+ years, as a result of all of this. This position and employment paid twice as much as any other prison job at TRCI. Thus, this has affected me financially as well[2]. I cannot do work that requires strain on my right hand due to all of this and the disabilities that I suffer from. Therefore, to be a little more specific, I believe that I should have been sent out "within the week" of my injury for my surgery like Dr. Carpenter originally requested. I believe that allowing my injury to heal for approx. 73 days before performing a surgery, is directly connected to the complications and disabilities that I have today and as described above and throughout this complaint. I also believe that this caused permanent damages to the healing process and fibrosis tissues that had to be reinjured to perform the surgery well after the healing process had already begun. I also believe that if the surgery would have been performed in the original timeframe of "within the week" or very shortly thereafter, this would have eliminated such damages and limited the amount of pain and suffering, especially, without being provided a sufficient pain medication or any accommodations to cope with my pain and disabilities, that I have suffered and continue to suffer from. I also believe that with a timely surgery and physical therapy, that I would not be suffering from the disabilities and complications that I am suffering from to this very day that cause me pain and suffering and substantially hindering and limiting my daily activities and enjoyment of life, and, that I would have also had a full recovery as Dr. Carpenter had originally diagnosed and envisioned. I also believe that with a timely surgery and follow-up physical therapy, I would have been able to avoid losing my job. Being provided a timely surgery and physical therapy would have also prevented the long-stay, if not, permanent damaged and disabilities that I am suffering from now as described above and throughout this complaint that not only substantially affect my daily activities and way of life and enjoyment of

---

[2] Oregon's Congress and Oregon's Voters Enacted BM 112 Amending Oregon's Constitution to end Prison Slavery and Involuntary Servitude. Coupled with the doctrine of "inherent intent", this now affords Oregon's prisoners rights associated with prison work.

life, but also my ability to get a better paying job, like my old job back in OCE or to be able to participate in daily and recreational activities like I used to. I should have also been given weekly physical therapy and, in the very least, I should have been consulted by a qualified physical therapist to ensure my chances for a full recovery and to prevent any permanent damage. I still should be afforded a qualified physical therapist at this time. I believe that this would have and still would have, a substantial affect on my overall chances for recovery, if not, at least reduce the percentage of disability that I am currently suffering from. Either way, I know that not providing me this, has and will end in the negative result, if not further disability, pain and suffering, which may be permanent as well. I should have also been afforded ADA accommodations as described above as well as extended periods of time to be able to meet deadlines in the filing of my grievances, responses and other matters, including legal ones, as even "temporary" disabilities are protected under the ADA that affect one's daily activities and life. I believe that I have sufficiently identified my disabilities throughout this complaint related to my injury. I am limited in many of my daily abilities to this very day, not excluding all that I have mentioned to this point, but also recreational activities too. Accommodations like a NEO Alpha Smart Machine, 11" Securebook (Laptop) and additional time allotted to me to meet any timeframes and deadlines as described above and throughout this complaint, would have substantially reduced or eliminated much of the pain and suffering that I had to endure in order to even attempt to perform any of the daily activities that I could possibly do as described above and throughout this complaint, not to mention the invasion and humiliation of privacy in having to have other AICs help me as described above and throughout this complaint. And, it would have been just as effective for my abilities to meet timeframes, deadlines and exhaustions in many of my legal affairs, which has also substantially and detrimentally affected me and my abilities to do so as I lost an appellate level review due to my disabilities, 'active interference' and retaliation of the Defendants in my Daughter's custody case. I also believe that I still should be afforded ADA accommodations as described above and throughout this complaint to this day and continuing as my disabilities, pain and suffering as described above and throughout this complaint, are ongoing. I should have also been afforded a "long-term" prescription of Tramadol or other significant pain medication alternative other than Ibuprofen and Tylenol, from the very moment that my right hand was confirmed broken up to the surgery and for a reasonable amount of time after the surgery. This would have substantially limited or eliminated the pain and suffering from my hand being broken that I had to endure for months leading up to the day of surgery and beyond. In fact, I should still be afforded some form of NSAID that is less hazardous to my organs and stomach than being left to take Ibuprofen and Tylenol indefinitely as my injury is still persisting and I am still suffering from pain due to the injury and the Defendants', and each of them', actions, failures, maliciousness, deliberate indifference and outright heinous negligence as described above and throughout this complaint. In addition, all of this has also affected me mentally to the point that I am going back on medications to deal with my depression. This is a direct result of all that I have and continue to suffer from due to the injury and the Defendants', and each of them', actions, failures, maliciousness, deliberate indifference and outright heinous negligence as described above and throughout this complaint.

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims:

*In simple terms, for all of the reasons above, I am entitled to compensatory damages against the Defendants, and each of them, for pain and suffering and harms and losses resulting from their actions, inactions, deliberate indifference, negligence and outright failures as outlined and described throughout this complaint in amounts to be proven at trial. I am further entitled to an award of punitive damages in amounts to be proven at trial. I also request reasonable attorneys' fees and costs and I demand a jury trial for all matters triable of right to a jury. However, in a good faith effort, as more specifically laid out below:

A.      Injunctive relief in the following particulars:

    (a)      Order Defendants to send me out to a qualified local Orthopedic Specialist to re-evaluate the injury and recovery of my right hand. This would include any evaluation of loss or disability in my right hand and any need for additional surgery and/or treatment. This would also include any evaluation as to whether or not the screw is displaced or causing me pain and whether or not, it should be removed;

    (b)      Order Defendants to send me out to a qualified local Physical Therapy Specialist, to re-evaluate the injury and recovery of my right hand. This would include any evaluation of loss or disability in my right hand and the need for any physical therapy treatment;

    (c)      Order Defendants to send me out to a qualified local Specialist, to evaluate the injury and recovery of my right hand. This would include any evaluation of loss or disability in my right hand and whether or not any arthritis and/or carputunnel has set in;

    (d)      Order Defendants to provide me with an alternative pain medication that is not as harmful as the long-term usage of Ibuprofen and Tylenol, yet, just as, if not, more effective than Ibuprofen and Tylenol for my swelling and pain management;

    (e)      Order Defendants to acknowledge my injury, loss and disabilities in and of my right hand as applied and qualifying under the ADA;

(f)     Order Defendants to provide me with accommodations like extra time to meet timelines in any of my filings, grievances, legal matters and other daily activities that require the usage of my right hand, which is my dominant hand, that would put undue stress and strain on my right hand causing me additional harm, pain and suffering;

(g)     Order Defendants to provide me with accommodations like an 11" Securebook (Laptop) with "Dragon" software, which is a speak-to-type software that would substantially reduce the strain and pain caused to my right hand. This product is provided by JusticeTechsolutions.com and is specifically designed and built from the ground up, for AIC use in the prison environment. A device that has already been, and, currently is, being afforded to and used by many other AICs throughout TRCI and ODOC under the ADA. The main purposes and intents of my usage of this device, would be for my person to be able type any letter, document, etc., that exceeds 1 page in length. This would also include any usage for typing and storage of any and all of my past, present and future legal work and filings; and

(h)     Order Defendants to provide persons/medical staff professionally trained and licensed in the particular fields of which they are evaluating and treating prisoners, such as myself;

B.     On all of my claims for relief as described above and throughout this complaint, compensatory damages for pain and suffering and harms and losses in amounts to be proven at trial;

C.     On all of my claims for relief as described above and throughout this complaint, an award of punitive damages in amounts to be proven at trial;

D.      Reasonable attorneys' fees and costs;

E.      Such other relief as the court deems just and proper; and

F.      Finally, I demand a jury trial for all matters triable of right to a jury.


## VII.    Exhaustion of Remedies

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.


A.      Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

YES.


B.      Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

YES.


C.      Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

YES.


D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

YES.

If no, did you file a grievance about the events in this complaint at any other jail, prison, or other correctional facility?

N/A.


E.      If you did file the grievance?

1.      Where did you file the grievance?

Two Rivers Correctional Institution located at 82911 Beach Access Rd. Umatilla, OR 97882.

2.      What did you claim in your grievance?

First, I reallege and incorporate all of the above as if fully set forth herein. I do this because I have filed and exhausted multiple "grievances" on everything as alleged above. I continue to do so as all of these issues are continuing and ongoing. Therefore, to avoid repetition, it is easier to reallege and incorporate all of the above as if fully set forth herein. Especially, as outlined above in Section IV (B), (C) and (D) Statement of Claims; and Section V Injuries.

3.      What was the result, if any?

Denied any relief.

4.      What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

I tried to appeal and it was still ultimately denied at the first level appeal by Warren Roberts, M.D., F.A.A.N.S. pursuant to OAR 291-109-0225 (7), thus, exhausting my administrative remedies as to all of my claims. Additionally, as stated above, these are all ongoing issues that I continue to pursue and file additional grievances on these matters. Therefore, everything should be very well documented, grieved through the Administrative processes afforded to my person, and, as such, exhausted.

F.   If you did not file a grievance:

1.      If there are any reasons why you did not file a grievance, state them here:

N/A.

2.      If you did not file a grievance, but you did inform officials of your claim, state who you informed, when and how, and their response if any:

N/A.

G.   Please set forth any additional information that is relevant to the exhaustion of your administrative remedies:

As stated above, this case involves multiple grievances and ongoing issues. However, all is firmly connected and related to and building on top of eachother.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.    Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

YES.

If yes, state which court dismissed your case, and attach a copy of the order if possible:

Any case(s) that I may or may not have dismissed that may or may not be affected by these rules, have all been decided in the United States District Court(s) of Oregon and are further identified and cited under subsection C of this section.

A.    Have you filed other lawsuits in State or Federal court dealing with the same facts involved in this action?

NO.

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below: *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

N/A.

C.    Have you filed other lawsuits in State or federal court otherwise relating to the conditions of your imprisonment?

YES.

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below: *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Ross v. Shelton, et al.
      United States District Court of Oregon
      Case No. 2:18-cv-00045-YY
      Youlee Yim You, United States Magistrate Judge
      Dismissed on the 21st day of February, 2019
      I filed a petition for review in the 9th Circuit Court of Appeals, USCA9 #19-
      35247, which was denied on August 07th, 2020. On August 21st, 2020, I filed a
      petition for rehearing with suggestion for rehearing en banc, which is pending to
      the best of my knowledge and belief;

2.    Ross v. Horton, et al.
      United States District Court of Oregon
      Case No. 2:18-cv-00045-YY
      Youlee Yim You, United States Magistrate Judge
      Settled
      I filed a petition for review in the 9th Circuit Court of Appeals, USCA9 #13-
      35597, which I won a favorable opinion remanding my case for trial. On the 13th
      day of January, 2016, I settled my case;

3.    Ross v. Franke, et al.
      United States District Court of Oregon
      Case No. 2:18-cv-00045-YY
      Youlee Yim You, United States Magistrate Judge
      Dismissed
      I filed a petition for review in the 9th Circuit Court of Appeals, USCA9 #18-
      35490, which was denied on August 23rd, 2018. On December 11th, 2018, and,
      due to no response from the 9th Circuit Court of Appeals as to my petition for
      rehearing, I petitioned SCOTUS for Certiorari. After some very frustrating back
      and forth, and, one of the most unjustified actions by the 9th Circuit Court of
      Appeals in which they held my petition for rehearing as a motion for
      reconsideration and took almost 5 months to render this ruling, my case in the
      United States Supreme Court was ultimately dismissed as time barred on January
      14th, 2019, which ironically was just days before I had received the 9th Circuits'
      decision as stated previously. I again tried to obtain relief and excusal from
      SCOTUS to no avail. My case was ultimately dismissed as time barred;

4.    Ross v. Amsberry, et al.
      United States District Court of Oregon
      Case No. 2:17-cv-1960 -YY
      Youlee Yim You, United States Magistrate Judge
      Dismissed on July 17th, 2018
      I filed a petition for review in the 9th Circuit Court of Appeals, USCA9 #19-
      35692, which was denied on January 18th, 2019. On February 01st, 2019, I filed a
      petition for rehearing with suggestion for rehearing en banc, which was denied
      on April 23rd, 2019. On the 22nd day of July, 2019, I filed for Writ of Certiorari in
      the United States Supreme Court, which I was also denied relief;

5.  Ross v. Myrick, et al.
    United States District Court of Oregon
    Case No. 2:18-cv-00046-YY
    Youlee Yim You, United States Magistrate Judge
    Dismissed on the 18th day of April, 2019
    I filed a petition for review in the 9th Circuit Court of Appeals, USCA9 #19-35435, which was denied on August 21st, 2020. On August 28th, 2020, I filed a petition for rehearing with suggestion for rehearing en banc, which is still pending to the best of my knowledge and belief;

6.  Ross v. Hodney, et al.
    United States District Court of Oregon
    Case No. 2:19-cv-01116-AA
    Ann Aiken, United States District Judge
    Settlement reached;

7.  Ross v. Blewett, et al.
    United States District Court of Oregon
    Case No. 2:18-cv-01338-SB
    Stacie F. Beckerman, United States Magistrate Judge
    Case still pending;

8.  Ross v. Reyes, et al.
    Umatilla County Circuit Court of Oregon
    Case No. 20cv39910
    Eva J. Temple, Umatilla County Circuit Court Judge
    Dismissed on the 14th day of October, 2021
    This case is currently in briefing in the Oregon Court of Appeals
    Case No. A176953.

## XI.  Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery, and (4) the complaint otherwise complies with the requirements of rule 11.

**A.    For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of Signing:                        April 07ᵗʰ, 2023

Signature of Plaintiff:                  James A. Ross

Printed Name of Plaintiff:              James Arthur Ross
Prison Identification Number:          #12599830
Prison Address:                        Two Rivers Correctional Institution
                                       82911 Beach Access Rd.
                                       Umatilla, Oregon 97882

**B.    For Attorneys**

Date of Signing:                        _____

Signature of Attorney:                  _____

Printed Name of Attorney:              _____
Bar Number:                            _____
Name of Law Firm:                      _____
Address:                               _____
                                       _____
                                       _____

Telephone Number:                      _____
E-mail Address:                        _____

**DATED** this 07ᵗʰ day of April, 2023.

Respectfully Submitted By:

James A. Ross

James Arthur Ross, appearing pro se'
S.I.D.#12599830
Two Rivers Correctional Institution
82911 Beach Access Rd.
Umatilla, Or 97882

# VERIFICATION

STATE OF OREGON          )
                         ) SS.
County Of Umatilla       )


I, James Arthur Ross, the Plaintiff in the foregoing Civil Complaint, state under oath, that I have

read and know the content of the Complaint, and I declare or verify under penalty of perjury that the

facts set forth are true and correct to the best of my knowledge and belief and that all of the documents

and exhibits included in, or attached to, the Complaint are authentic to the best of my

knowledge and belief.


(Signature of Petitioner)


**SUBSCRIBED** and sworn to before me this __7__ day of _April_____, 20__23__ .



OFFICIAL STAMP
**LETICIA IRENE LITTLE**
NOTARY PUBLIC - OREGON
COMMISSION NO. 1033639
MY COMMISSION EXPIRES FEBRUARY 13, 2027

Notary Public for Oregon


My Commission Expires: _February 13, 2027_


**Page 26 of 26 CIVIL COMPLAINT**                    **James Arthur Ross, S.I.D.#12599830**

## CERTIFICATE OF SERVICE

CASE NAME: ____Ross____ v. ____State____

CASE NUMBER: (if known) _Unknown at this time, Initial Filing_

COMES NOW, ____James Arthur Ross____, and certifies the following:

That I am incarcerated by the Oregon Department of Corrections at Two Rivers Correctional Institution. (TRCI)

That on the _07th_ day of _April_, 20_23_, I personally gave Two Rivers Correctional Institution's e-filing service a TRUE COPY of the following:

✱ Motion to Proceed In Forma Pauperis;
✱ §1983 Civil Complaint.

(Signature)

Print Name _James Arthur Ross_

SID #: _12599830_

Page 1 of 1 – Certificate of Service