IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JAMES ARTHUR ROSS,<br><br>          Plaintiff,<br><br>          v.<br><br>STATE OF OREGON *et al.*,<br><br>          Defendants. | Case No. 2:23-cv-00515-SB<br><br>**ORDER** |

**IMMERGUT, District Judge.**

On April 10, 2023, Plaintiff James Arthur Ross ("Ross"), a self-represented litigant in custody at Two Rivers Correctional Institution ("TRCI"), filed this civil rights case pursuant to 42 U.S.C. § 1983, alleging that numerous defendants denied him adequate medical care in the diagnosis and treatment of a serious injury to his right hand. (ECF No. 2.) Defendants waived service and filed an answer on July 27, 2023. (ECF Nos. 6, 9.) The parties thereafter began litigating this case in the normal course.

On September 29, 2023, Ross filed a motion for a preliminary injunction, explaining that Defendants presently are threatening him with punishment and segregation unless he reports to work in the TRCI kitchen. (Mot. Prelim. Inj. (ECF No. 11) at 1.) Ross claims that such work will

PAGE 1 – ORDER

likely cause "further pain and suffering and possibly more physical and permanent harm" to his injury, and therefore requests a court order requiring Defendants "to stop forcing [Ross] to work . . . at least, until the resolution of this case." (*Id.* at 1, 8.)

Before Defendants' response was due, Ross filed a motion for temporary restraining order ("TRO"), seeking a court order requiring Defendants to "immediately stop forcing [Ross] to work . . . in a work detail that reasonably can and will cause [him] to suffer further pain and/or permanent damage to the injury of his right dominant hand." (Mot. TRO (ECF No. 23) at 1.) Ross requested that the TRO remain in place pending resolution of the motion for preliminary injunction. (*Id.*)

On October 18, 2023, Defendants filed a response to both motions, agreeing that a TRO is appropriate "to preserve the status quo and maximize [Ross's] prospects for recovery and minimize his risk of harm" until the Court reaches the merits of this case. (Defs.' Resp. (ECF No. 24) at 6.) Because a TRO will sufficiently protect Ross from further harm and adequately preserve the status quo, Defendants assert that a preliminary injunction is not warranted. (*Id.*) Ross filed a reply, asking the Court to grant both of his motions. (*See* Reply (ECF No. 25).)

A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the defendant is entitled to such relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008). To establish entitlement to a preliminary injunction, a plaintiff generally is required to demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. The standard for granting a temporary restraining order is "substantially identical" to the standard for granting a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Where

PAGE 2 – ORDER

an individual in custody seeks a preliminary injunction or temporary restraining order with respect to prison conditions, such relief, if granted, "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

Based on the agreement of the parties that a TRO is appropriate at this time, the Court GRANTS Ross's Motion for Temporary Restraining Order (ECF No. 23) and temporarily enjoins Defendants from requiring Ross to work in any work assignment that presents a substantial risk of further pain and injury to his right hand, including but not limited to work in the TRCI kitchen. The TRO shall remain in place until such time that the evidentiary record is fully developed in this case, and the Court has had an opportunity to evaluate the merits of Ross's claims. Should discovery lead to evidence that suggests the TRO is not justified, Defendants may move to dissolve the TRO and present such evidence for the Court's consideration. Because the TRO will sufficiently prevent Ross from suffering additional injury and maintain the status quo while this case proceeds, the Court DENIES AS MOOT Ross's Motion for Preliminary Injunction (ECF No. 11).[1]

**IT IS SO ORDERED.**

DATED this 24th day of October, 2023.

Karin J. Immergut
United States District Judge

---

[1] The Court waives Rule 65's bond requirement. See FED. R. CIV. P. 65(c).