IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JAMES ARTHUR ROSS, | Case No. 2:23-cv-00515-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| STATE OF OREGON *et al.*, | |
| Defendants. | |

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff James Arthur Ross ("Ross") is a self-represented litigant in the custody of the Oregon Department of Corrections ("ODOC"), currently housed at Two Rivers Correctional Institution ("TRCI"). This matter comes before the Court on Ross's objections to the Court's denial of Ross's motion to substitute pro bono counsel and termination of pro bono counsel's appointment (ECF Nos. 118, 120), which the Court interprets as motions for reconsideration. For the reasons discussed below, the Court denies Ross's motions for reconsideration.

## BACKGROUND

The Court appointed the most recent pro bono attorney for Ross on January 2, 2025, for the limited purpose of "preparing for a judicial settlement conference (including assistance with

PAGE 1 – OPINION AND ORDER

discovery) and representing Plaintiff during a judicial settlement conference[.]" (ECF No. 56; *see also* ECF No. 57, accepting appointment.) The appointment followed the Court's original appointment of pro bono counsel who accepted but later left the practice of law (ECF Nos. 31, 48-49), and replacement counsel's request for termination due to a lack of relevant experience (ECF Nos. 52, 54-55).

Pro bono counsel represented Ross from on or about January 2, 2025, until Ross moved to replace him on July 31, 2025. (ECF No. 112.) The Court denied Ross's motion to substitute on August 5, 2025, and allowed pro bono counsel voluntarily to withdraw. (ECF No. 113.) Counsel voluntarily withdrew on the same date (ECF No. 114), and the Court terminated the pro bono appointment (ECF No. 115). During pro bono counsel's tenure, Ross filed his own motion for a temporary restraining order (ECF Nos. 61-63, 72-73, 98), a motion for sanctions and protective order (ECF Nos. 77-80), and several notices, status reports, and other filings. (*See, e.g.*, ECF Nos. 74, 82-83, 86-90, 99-100, 102, 106, 108.)

In his motion to substitute pro bono counsel, Ross noted that while he appreciated the Court's appointment of pro bono counsel, he did not believe that appointed counsel was working in his "best interest," due in part to the fact that pro bono counsel had not previously represented an individual in custody and was not familiar with federal civil rights claims or how to communicate with Ross while incarcerated. (Pl.'s Mot. at 5-6.) Ross also noted disagreements with his pro bono counsel about, *inter alia*, the scope of counsel's representation, discovery, expert witnesses, and his upcoming deposition. (*See, e.g.*, *id.* at 9, "I have not gained one iota of beneficial assistance or advancement of my discovery whatsoever."; *id.* at 10, "There is a fundamental issue with this attorney-client relationship and maybe more than one.") It was clear on the face of Ross's motion that there had been a breakdown in his relationship with pro bono

counsel, and therefore the Court invited pro bono counsel voluntarily to withdraw from the case if he agreed there had been a breakdown. Counsel withdrew, citing "the breakdown of the attorney-client relationship." (ECF No. 114.)

After the Court denied Ross's motion for substitution of pro bono counsel and terminated the pro bono appointment, Ross filed objections to both orders. (ECF Nos. 118, 120.) Ross now asserts, *inter alia*, that it appears the Court is trying to punish him for raising legitimate concerns about his pro bono counsel, and he is concerned that he will not have the benefit of pro bono counsel at his upcoming deposition or the scheduled judicial settlement conference. (*See id.*) Ross also suggests that he was not necessarily asking the Court to substitute pro bono counsel in his motion for substitution of pro bono counsel, but rather he was asking the Court to assist him in managing his relationship with counsel. (*See id.*) The Court took Ross's motions under advisement on August 12, 2025. (ECF No. 121.)

## DISCUSSION

I.     **LEGAL STANDARDS**

    A.     **Motions for Reconsideration**

"While [Federal] Rule [of Civil Procedure] 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted). "Indeed, 'a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id.* (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when

they could reasonably have been raised earlier in the litigation." *Id.* (citing *Kona*, 229 F.3d at 890).

## B.     Motions for Appointment of Counsel

"Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citation omitted). However, a district court has discretion to request volunteer counsel for indigent plaintiffs in "exceptional circumstances." *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). "A finding of the exceptional circumstances . . . requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). "Neither factor is controlling; both must be viewed together in making the finding." *Rogers v. Nev. Dep't of Corr.*, No. 319CV00503MMDWGC, 2021 WL 5862773, at *1 (D. Nev. June 22, 2021) (citing *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)). A district court's decision not to appoint or reappoint pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1) is reviewed for an abuse of discretion. *See Palmer*, 560 F.3d at 970.

## II.    ANALYSIS

The Court declines to reconsider its orders denying Ross's motion to substitute pro bono counsel and terminating pro bono counsel's appointment.

Having reviewed Ross's court filings to date, and balancing Ross's likelihood of success on the merits of his claims and his ability to articulate his claims in light of their complexity, the Court finds that exceptional circumstances do not warrant reappointment of pro bono counsel at this stage of the litigation.

To date, Ross has clearly stated theories of relief in his complaint, cited relevant federal and state law in support of his claims, and filed lengthy motions supported by relevant case law. Further, Ross has filed and litigated at least ten other civil actions in federal court (*see Ross v. Hill*, No. 3:09-cv-01530-MO; *Ross v. Hill*, No. 6:10-cv-01440-HO; *Ross v. Hodney et al.*, No. 2:17-cv-01960-YY; *Ross v. Amsberry et al.*, No. 2:18-cv-0045-YY; *Ross v. Shelton et al.*, No. 2:18-cv-00046-YY; *Ross v. Franke et al.*, No. 2:18-cv-00240-YY; *Ross v. Horton et al.*, No. 2:18-cv-00746-MC; *Ross v. Bowser*, No. 2:18-cv-01441-YY; *Ross v. Myrick*, No. 2:19-cv-01116-AA; *Ross v. Blewett et al.*, No. 2:20-cv-01338-SB), and his filings in all of these matters reflect a level of sophistication that distinguishes Ross's ability to articulate his claims from other self-represented litigants in custody.

Nevertheless, the Court appointed pro bono counsel to assist Ross in early 2024 after Defendants acquiesced to temporary injunctive relief following Ross's recent hand injury. (*See* ECF No. 24; *see also* ECF No. 26, "temporarily enjoin[ing] Defendants from requiring Ross to work in any work assignment that presents a substantial risk of further pain and injury to his right hand, including but not limited to work in the TRCI kitchen.") Based on the posture of the case at that time, it appeared the parties were poised to resolve Ross's claims, and indeed, all parties agreed to participate in an early judicial settlement conference (which was later postponed). For those reasons, the Court appointed pro bono counsel for the limited purpose of providing Ross with assistance to prepare for and attempt to resolve his claims in an early judicial settlement conference.

Since the Court's initial appointment of pro bono counsel, Ross has continued to demonstrate his own ability to articulate his claims, his interest in continuing to litigate on his own despite the appointment of pro bono counsel, and a breakdown in his relationship with

counsel. Indeed, Ross asked the Court to end the appointment of his current pro bono counsel, which the Court did. The Court declined to appoint substitute counsel based on its determination that Ross remains able to articulate his claims in light of the complexity of the legal issues involved, and because it is unlikely that another volunteer attorney will accept the Court's appointment in light of the nature of Ross's allegations about his prior appointed counsel. *See, e.g.*, *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984) ("[The plaintiff] failed to cooperate with his first appointed attorney. Most of his actions were frivolous. He did not show exceptional circumstances to justify the appointment of another attorney. The court did not abuse its discretion by denying [the plaintiff's] motion."), *abrogated by Neitzke v. Williams*, 490 U.S. 319 (1989); *Flanigan v. Holder*, No. C 16-00066 WHA, 2021 WL 5359429, at *2 (N.D. Cal. Oct. 26, 2021) ("The Court will not make further efforts to secure counsel for [the plaintiff] because it seems clear he was unwilling or unable to work with the free counsel he was already provided[.]").

For all of these reasons, the Court concludes that this case does not present exceptional circumstances warranting the reappointment of pro bono counsel at this time, and Ross has not met his burden of demonstrating any grounds for the Court to reconsider its prior orders.[1] Accordingly, the Court denies Ross's motions for reconsideration.

///

///

///

///

---

[1] The Court advises Ross that the scheduled judicial settlement conference is voluntary, and he may contact the assigned settlement judge if he is no longer willing to participate.

PAGE 6 – OPINION AND ORDER

## CONCLUSION

For the reasons stated, the Court DENIES Ross's motions for reconsideration (ECF No. 118, 120).

**IT IS SO ORDERED.**

DATED this 19th day of August, 2025.

_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge